# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DAVID SHETTER, on behalf of Himself and Others Similarly Situated, <br><br> v. <br><br> BJ SERVICES, LLC | Case No: _____ <br><br> FLSA Collective Action |

## COMPLAINT

### SUMMARY

1. BJ Services, LLC ("BJ Services") did not pay overtime to the hourly, blue-collar workers it jointly employed, along with an undercapitalized staffing agency, as oilfield electronic technicians and mechanics. Instead, BJ Services pays these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek. Because BJ Services violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), Shetter brings this collective action to recover unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. Venue is proper because BJ Services resides in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

### PARTIES

4. BJ Services, LLC, employed and/or jointly employed Shetter and the Class Members.

5. Shetter was employed and/or jointly employed by BJ Services as an hourly "ETech" and as a "Mechanic."

6. Shetter brings this action on behalf of himself and all other similarly situated hourly ETechs and Mechanics employed and/or jointly employed by BJ Services and were paid straight time for overtime. These workers are collectively referred to as the "Class Members." Plaintiff's consent form is attached as Ex. 1.

### FACTS

7. BJ Services employed Shetter to repair electrical and mechanical equipment in the oilfield for BJ Services's clients.

8. BJ Services hired and fired Shetter and the Class Members, supervised and controlled their work, set their pay, determined their hours, and approved their time.

9. BJ Services maintains employment records on Shetter and the Class Members, and can terminate their employment.

10. In each of the past three years, BJ Services, or the enterprise of which it is a part, had revenues in excess of $1,000,000.

11. Over the past three years, BJ Services employed dozens of individuals – including Shetter – that were paid straight time for overtime.

12. Over the past three years, BJ Services, or the enterprise of which it is a part, employed at least two individuals that routinely handled goods or materials – such as phones, computers, oilfield equipment, and tools – that moved in, or were produced for, interstate commerce.

13. BJ Services is, or is part of, a covered enterprise engaged in commerce under the FLSA and is subject to its requirements.

14. BJ Services, at all relevant times, used staffing agencies to pay Shetter and the Class Members at the same hourly rate for all hours worked, including those worked in excess of forty per week.

15. For example, BJ Services used a staffing agency called Higgmark Services to pay Shetter $32 per hour, without the half-time premium required by the FLSA for hours worked in excess of 40 in a week.

16. Shetter typically worked 70-100 hours per week when he was on duty. He typically worked rotating shifts of 2 weeks "on" and 1 week "off."

17. BJ Services maintained accurate records of the hours Shetter worked.

18. BJ Services knew Shetter and the Class Members routinely worked more than 40 hours in a week. BJ Services's records, which show hours worked, reflect this fact.

19. It is well established that blue-collar workers—like Shetter and the Class Members—are not exempt from the overtime provisions of the FLSA, regardless of how they are paid. BJ Services knew this.

20. Further, hourly workers, like Shetter and the Class Members, are generally nonexempt. BJ Services also knew this.

21. BJ Services knew Shetter and the Class Members were not exempt from the FLSA's overtime provisions.

22. BJ Services knew it paid Shetter and the Class Members by the hour and that it paid straight time for overtime hours.

23. BJ Services also knows that Shetter and the Class Members were not in business for themselves and were economically dependent upon BJ Services for their work.

24. BJ Services knew Shetter and the Class Members were employees under the FLSA.

**COLLECTIVE ALLEGATIONS**

25. BJ Services's policy of paying non-exempt workers by the hour, with no overtime pay, violates the FLSA.

26. BJ Services's policy of paying straight time for overtime affects Shetter and the Class Members in a similar manner because, as explained above, hourly workers (and blue-collar workers regardless of how they are paid) are non-exempt from overtime. Accordingly, they are each owed overtime pay for the same reason even though their job duties may differ in nonmaterial respects. Accordingly, Shetter and the Class Members are similarly situated for the purposes of their overtime claims.

27. The Class Members include:

> All current and former hourly ETechs and Mechanics who provided oilfield services to BJ Services who were not paid at least time and one-half for hours worked in excess of forty in a workweek during the last three years.

**CAUSE OF ACTION – VIOLATION OF THE FLSA**

28. By failing to pay Shetter and the Class Members overtime at one-and-one-half times their regular rates, BJ Services violated the FLSA's overtime provisions.

29. BJ Services owes Shetter and the Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because BJ Services knew, or showed reckless disregard for whether, their pay practices violated the FLSA, its owes these wages for at least the past three years.

30. BJ Services also owes Shetter and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

31. Shetter and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**PRAYER**

Wherefore, Shetter prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Shetter and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. A service award for Shetter as permitted by law;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Shetter and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ David I. Moulton*
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:(713) 877-8788
Telecopier:(713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77005
Telephone:(713) 352-1100
Telecopier:(713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com